UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel* JANE DOE, | : : : | **Civil Action No. 14-3644 (SRC)(CLW)** |
| Plaintiffs, | : |  |
| v. | : : | OPINION |
| HEART SOLUTION PC, BIOSOUND MEDICAL SERVICES, KIRTISH N. PATEL, NITA K. PATEL, | : |  |
| Defendants. |  |  |

**CHESLER**, District Judge

      This matter comes before the Court upon Defendant Nita K. Patel's motion to stay the execution of judgment in this matter and to waive the supersedeas bond requirement [Docket Entry 75]. Plaintiff United States of America ("the Government") has opposed the motion [Docket Entry 78]. The Court has considered the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant in part and deny in part Nita Patel's motion. The Court will grant a stay of the execution of judgment, but deny Nita Patel's motion to waive the supersedeas bond requirement. The Court sets bond at $5,308,365.

**I.**    **BACKGROUND**

      On November 17, 2015, Defendants Kirtish and Nita Patel ("the Patels") pled guilty to committing health care fraud in violation of 18 U.S.C. § 1347. In their separate pleas, Kirtish and Nita Patel admitted that they both owned and operated Biosound Medical Services and Heart Solution P.C. from 2006 to 2014, and they admitted that they defrauded Medicare at their

companies. One day after they pled guilty in their criminal case, the Government filed a civil complaint against the Patels and the two companies that the Patels they owned, based on the fraudulent conduct. This Court granted two motions for summary judgment in favor of the Government, ordering the Patels to pay a sum of $7,756,864.85 in damages and civil penalties to the Government, and resolving all of the civil claims [Docket Entries 47 & 72]. On May 3, 2017, Nita K. Patel and her company, Heart Solution PC, filed a notice of appeal of the civil case [Docket Entry 73]. Now, Nita Patel seeks to stay the execution of the $7.75 million judgment pending appeal and seeks a waiver of the supersedeas bond requirement.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 62(d), an appellant may obtain a stay as a matter of right by filing a supersedeas bond.[1] "A supersedeas bond is any form of security, whether in the form of cash, property, or surety bond, which a court may require of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." *Hilburn v. Bayonne Parking Auth.*, No. 07-5211, 2013 WL 1721648, at *2 (D.N.J. Apr. 19, 2013) (quoting *Pharmacia Corp. v. Motor Carrier Services Corp.,* No. 04-3724, 2008 WL 852255, at *4 (D.N.J. March 28, 2008)). "In order to make the other party whole, such a supersedeas bond must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay." *Id.*

"Although the Third Circuit is silent on the issue of whether courts may require a bond less than the amount of the full judgment, district courts within the Third Circuit have found that they have discretion under Rule 62(d) to waive the bond requirement in whole or in part." *Montalvo v. Larchmont Farms, Inc.*, No. 06-2704, 2011 WL 6303247, at *1 (D.N.J. Dec. 15,

---

[1] There are two exceptions to this rule that are not applicable here.

2011) (citing *Church & Dwight Co. v. Abbott Labs.,* 2009 WL 2230941, at *14 (D.N.J. July 23, 2009)). Courts will only exercise this discretion, however, "where there exists an alternative means of securing the judgment" and there are "exceptional circumstances." *Montalvo v. Larchmont Farms, Inc.*, No. 06-2704, 2011 WL 6303247, at *1 (D.N.J. Dec. 15, 2011) (citing *Transamerica Occidental Life Ins. v. Total Systems, Inc.,* No. 08-1323, 2011 WL 2447520, at *2; *Church & Dwight,* 2009 WL 2230941, at *14). In determining whether "exceptional circumstances" exist, courts consider five factors: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that this Court has in the availability of funds to pay the judgment; (4) whether the [debtor's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [debtor] is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the debtor in an insecure position." *Hilburn,* 2013 WL 1721648, at *2. In order to show that waiver of a bond is appropriate, "it is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impracticable; likewise it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee." *Id.*

  Here, Nita Patel is entitled to a stay of the execution of judgment pending her appeal as long as she posts a supersedeas bond. Nevertheless, Nita Patel has moved to waive the supersedeas bond. In determining whether to waive the supersedeas bond requirement, this Court first considers whether there is an alternative means to secure the Court's judgment in this case. Nita Patel argues that because the Government has frozen "nearly all" of the Patels' assets, the Government has adequate security that it will be paid. As the government explains, however, Nita Patels' claim that the government has frozen her assets is a reference to a consent restraint

in the Patels' criminal case amounting to roughly $3 million. Nita Patel has failed to show that she consented to extend this agreement to the civil case and the Government alleges that she did not do so. Therefore, Nita Patel has not demonstrated that any amount of money is secured for civil judgment, let alone $7.75 million. In sum, Nita Patel fails to show that the freezing of assets in her criminal case will provide adequate security to the Government that the civil judgment will be satisfied.

Next, the Court considers whether there are "exceptional circumstances" here. The Court is directed to look at five factors to determine if there are exceptional circumstances. Although Nita Patel cites these five factors in her brief, she fails to address how the five factors weigh in her favor. Nita Patel's assertion that she and her husband are incarcerated and that their companies are defunct is irrelevant in determining exceptional circumstances; neither the incarceration status of the appellant nor the functioning of the appellant's business are factors to be considered in determining exceptional circumstances.[2] In fact, when the Court considers the "exceptional circumstances" factors, the Court finds there are actually significant reasons *not* to waive the bond. In its opposition motion, the Government presents evidence that the Patels have attempted to hide their assets. According to the Government, the Patels have transferred at least $1.4 million and other assets into accounts held in their children's names and the children deny that the money can be used to satisfy the civil judgment. In addition, the Government presents evidence that the Patels bought a house worth $1.4 million soon after they were arrested. These actions reduce the Court's confidence that the funds will be available and increase the Court's suspicion that the collection process will prove complex. Thus, in considering two of the five

---

[2] Moreover, although her incarceration and the unraveling of her business may make it difficult for Nita Patel to post a bond, Nita Patel has failed to meet her burden of demonstrating objectively that posting a bond is "impossible or impracticable."

factors to determine if there are exceptional circumstances, the Court finds that there is actually a great need for the supersedeas bond.

Nita Patel has failed to show that the Court should waive her supersedeas bond because there are no alternative means to secure judgment and there are no exceptional circumstances here. In order to grant the stay, the Court orders that Nita Patel post a bond for $5,308,365, representing the $7,756,864.85 judgment less the value of the three properties that the Patels own, which are subject to Government liens.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Nita Patel's motion in part and deny Nita Patel's motion in part. The Court will grant the stay of execution and will set bond at $5,308,365. An appropriate Order will be filed herewith.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: June 23, 2017