**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JANE DOE, | Civil Action No. 14-3644 (SRC) |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| HEART SOLUTIONS, et al., | |
| Defendants. | |

**CHESLER**, District Judge

 This matter comes before the Court upon Defendant Nita Patel's objections to garnishment and request for a hearing filed on June 14, 2020 [ECF 120]. The Government responded to Defendant's submission on June 17, 2020.

 This Court entered an Order directing the Clerk of Court to issue a Writ of Garnishment on February 14, 2020. The Clerk of Court issued the Writ of Garnishment against the property of Defendants Kirtish Patel and Nita Patel on February 14, 2020.

 Defendant Nita Patel objects to the Writ of Garnishment issued to the Garnishee, the John Hancock Life Insurance Company USA. The Garnishee holds three (3) life insurance policies in which Defendants maintain an interest. The life insurance policies are as follows: No. 46791445, owned by Nita K. Patel; No. 46796181, owned by Nita K. Patel; and No. 46000745, owned by the "Kirtish Patel Ins. Trust Dated October 16, 2012."

Regarding the Garnishment against all three insurance policies, Defendant Patel objects to the enforcement of the Garnishment because of a challenge to her criminal conviction (United States v. Nita Patel, Criminal No. 2:15-cr-00592) which underlies the civil judgment in this case. Defendant has filed a challenge under 28 U.S.C. § 2255 which remains pending (Nita Patel v. United States of America, Civil No. 2:17-cv-07485). Based on this pending challenge, Defendant Patel asks this Court to stay the Writ of Garnishment until after her Section 2255 motion is decided. The Government alleges that Defendant's pending motion under Section 2255 does not serve as a valid basis to stay execution of the Writ of Garnishment.

Defendant also objects to the Garnishment relating to Account No. 46000745 which Defendant holds in trust. This life insurance policy insures Kirtish Patel and is owned by the "Kirtish Patel Ins. Trust Dated October 16, 2012" ("Insurance Trust"). Defendant Nita Patel alleges that she has no interest in the policy itself, and her only interest is as a Trustee for the Insurance Trust that owns the policy. Thus, Defendant claims that the Judgment underlying the Writ of Garnishment does not attach to the assets of the Insurance Trust and must be vacated. The Government contests that the Garnishment should be vacated and notes that Defendant is the Trustee and primary beneficiary of the Trust in which the policy is held, and accordingly, the insurance policy is the property of Defendant Nita Patel. The Government argues that the Garnishment executed against Account No. 46000745 is valid.

The Court has reviewed the submissions of both parties. For the reasons that follow, the Court will approve the Garnishment of Account Nos. 46791445 and 46796181 and vacate the Garnishment of Account No. 46000745. The Court will exercise its discretion and deny Defendant's request for a hearing.

2

Defendant objects to the Garnishment of all three accounts based on Defendant's pending challenge to the criminal conviction which is the basis for the Judgment underlying the Writ of Garnishment. Defendant's argument that the Garnishment should be stayed due to her pending motion for postconviction relief is unsupported by any legal principle or authority. The Judgment underling the subject Writ of Garnishment is a final judgment and is in no way affected by Defendant's pending habeas petition. A collateral attack on a criminal conviction does not serve as a basis for staying the execution of a final judgment and Defendant cites no authority that states otherwise. In the matter at bar, Defendant concedes that she is the owner of Account Nos. 46791445 and 46796181. Having found that Defendant's pending motion under Section 2255 is not a proper basis for deferring the enforcement of the Writ of Garnishment, the Court will approve the Garnishments of Account Nos. 46791445 and 46796181.

Defendant raises an additional objection to the Garnishment against Account No. 46000745. Defendant argues that the Garnishment of this account should be vacated because Defendant's sole interest in the Account is as the Trustee for the Insurance Trust that owns the life insurance policy. The Court has reviewed the subject Insurance Trust for which Defendant holds legal title as Trustee. This document indicates that Defendant is not the sole owner of an equitable interest in the Insurance Trust. Further, the Government has offered no authority indicating that a trustee who retains legal title but not full equitable title of the trust can have a garnishment executed against the property held within the trust. Thus, because Defendant only holds legal title as a Trustee of the Insurance Trust which owns Account No. 46000745, the Court will vacate the garnishment against Account No. 46000745. If the Government believes that the creation of the Insurance Trust created a transfer in fraud of creditors, the Government is free to pursue such a claim in the appropriate forum.

Thus, for the foregoing reasons,

**IT IS** on this 8th day of July, 2020,

**ORDERED** that the Garnishment of Account Nos. 46791445 and 46796181 is

**APPROVED**; and it is further

**ORDERED** that the Garnishment of Account No. 46000745 is **VACATED**; and it is

further

**ORDERED** that Defendant's request for a hearing is **DENIED**.


         ___ s/ Stanley R. Chesler ___
         STANLEY R. CHESLER
         United States District Judge